**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LENORE R. OWENS, JEAN L. JEWETT, LORI L. BUKSAR, and JULIA SNYDER, on behalf of themselves, individually, and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 14-cv-4068 |
| ST. ANTHONY MEDICAL CENTER, INC., THE FRANCISCAN SISTERS OF CHICAGO SERVICE CORPORATION, FRANCISCAN COMMUNITIES, INC. f/k/a FRANCISCAN HOMES & COMMUNITY SERVICES, FRANCISCAN HOLDING CORPORATION, DONNA GOSCIEJ, LINDA HORNYAK, the ST. ANTHONY MEDICAL CENTER RETIREMENT COMMITTEE, LEONARD WYCHOCKI, WALTER GARBARCZYK, JULIE SECVIAR, CHESTER LABUS, SISTER HELENE GALUSZKA, SISTER M. FRANCIS CLARE RADKE, SISTER M. FRANCINE LABUS, ANNETTE SHOEMAKER, JILL KRUEGER, LAWRENCE LEAMAN, SANDRA SINGER, SUSAN NORDSTROM LOPEZ, and JOHN and JANE DOES 1-40, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Lenore R. Owens, Jean L. Jewett, Lori L. Buksar and Julia Snyder ("plaintiffs") filed a fourteen-count amended class action complaint against St. Anthony Medical Center, Inc. ("St. Anthony") and The Franciscan Sisters of Chicago Service Corporation ("Franciscan Sisters"), sponsors of the St. Anthony Retirement Plan (the "Plan"), and their related entities, the St. Anthony Retirement Committee, the members of that Committee, the members of the

Franciscan Sisters Board of Directors, and other individuals alleged to have roles in the Plan's administration (together "defendants"). The complaint seeks declaratory relief pursuant to the Employee Retirement Income Security Act ("ERISA"), and also alleges various violations of ERISA. Defendants move to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs move to strike certain exhibits to defendants' brief in support of its motion. For the reasons stated below, the Court will stay the motion to dismiss and denies the motion to strike.

**Background**

The following facts are taken from the complaint and accepted as true for the purposes of ruling on the instant motions. On March 1, 1975, St. Anthony established and adopted the Plan for the benefit of its employees. The Plan was established as a non-contributory defined benefit pension plan within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35).[1] Plaintiffs were employed by St. Anthony's hospital and were participants in the Plan. Franciscan Sisters is the sole corporate member of St. Anthony and served as the Plan's plan administrator along with the St. Anthony Retirement Committee.

In 1989, St. Anthony sought a letter ruling from the IRS that the Plan qualified as a "church plan" and was therefore exempt from many of the requirements of ERISA, including the funding requirements and the obligation to pay premiums to the Pension Benefit Guaranty Corporation to guarantee a certain level of benefits in the event the Plan was terminated. The IRS issued a letter ruling stating that the Plan qualified as a church plan as of March 1, 1975. It concluded that although the Plan was sponsored by St. Anthony, a non-church entity, the Plan still qualified as a church plan because it was managed by the St. Anthony Retirement Committee, which was controlled by St. Anthony and Franciscan Sisters, who were themselves

---

[1] The Court removes the "29 U.S.C." prefix from future references.

controlled by the Catholic Church. Defendants have operated the Plan since 1989 as a church plan, exempt from and not subject to ERISA. St. Anthony and Franciscan Sisters are not churches.

On June 30, 1989, St. Anthony and Franciscan Sisters declared the Plan frozen with respect to all employees of its hospital. As a result, plaintiffs and other Plan participants ceased to accrue any additional benefits under the Plan but remained entitled, upon reaching retirement age, to receive accrued pension benefits on service performed prior to June 30, 1998. In 1999, the hospital was sold to Franciscan Alliance, but St. Anthony and Franciscan Sisters continued to be responsible for maintaining and administering the Plan. Over time, insufficient assets were retained and defendants made insufficient contributions to the Plan to meet the expected benefit payments to plaintiffs and other Plan participants. For the years from 2002 to 2011, the Plan was underfunded. The Plan was subsequently terminated effective March 31, 2012. Following termination, plaintiffs received pension benefits which were less than the actuarial equivalent of the pension benefits they had accrued under the Plan. Plaintiffs filed this action on June 2, 2014. Defendants' motion to dismiss the complaint has been fully briefed.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint rather than the merits of the claim. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a defendant's Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Detailed factual allegations are not required, but the plaintiff must allege facts that when "accepted as true …

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the complaint's factual content allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Id.*

**Discussion**

*1. Motion to Dismiss*

Plaintiffs' fourteen-count complaint revolves around their claim that the IRS incorrectly granted defendants an exemption from ERISA coverage in 1989. Plaintiffs allege that since then defendants, relying on the IRS error, have failed to maintain, operate, or terminate the Plan as required under ERISA, which plaintiffs believe governs the Plan. Count 1 seeks equitable relief pursuant to ERISA § 502(a)(3), § 1132(a)(3), that the Plan is not a "church plan" as defined in ERISA § 3(33), § 1002(33), and therefore should be declared an ERISA-covered pension plan, and further that St. Anthony and Franciscan Sisters be ordered to bring the Plan into compliance with ERISA. Counts 2 and 3, brought pursuant to ERISA § 4070(a), § 1370(a), and ERISA § 4062(a) and (b), § 1362 (a) and (b), seek declaratory relief that the Plan should be terminated in compliance with ERISA and that St. Anthony and Franciscan Sisters are jointly and severally liable for payment of unfunded benefits due and minimum funding contributions to the Plan. Counts 4 through 8 and 10 allege that certain defendants violated various ERISA provisions, including those providing for reporting and disclosure, minimum funding, anti-cutback, establishing the Plan by written instrument and establishing a trust, and demand civil penalties. Count 9 asserts a claim for benefits under ERISA § 502(a)(1)(B), § 1102(a)(1)(B). Counts 11 through 13 allege that certain defendants breached their fiduciary duties under ERISA. And Count 14 seeks declaratory relief that the church plan exemption, as applied by defendants,

4

violates the Establishment Clause.

Defendants' motion asks the Court to determine that the six-year statute of limitations[2] found in ERISA § 413, § 1113, bars plaintiffs' claim for declaratory relief, Count 1, which in turn precludes plaintiffs from establishing their remaining ERISA-based claims, Counts 2 through 13. In doing so, defendants essentially argue for a limitations period that applies to ERISA plans and ERISA claims. However, it would be inappropriate for the Court to determine the applicability of a statute of limitations based on ERISA claims before determining whether the church plan exemption applies and excepts the Plan from ERISA coverage. Further, the Seventh Circuit has found that dismissal under Rule 12(b)(6) on statute of limitations grounds is considered "irregular" because complaints are not required to anticipate affirmative defenses. *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). While dismissal is appropriate where a "complaint plainly reveals that an action is untimely under the governing statute," here, the proposed governing statute is ERISA and the Court has not yet determined whether ERISA applies to the Plan. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Accordingly, the threshold issue for this Court is whether the church plan exemption applies.

Whether the Plan is covered by ERISA is essential to determining whether plaintiffs have stated a claim in each of their counts. Because each is brought pursuant to ERISA, the Plan's status as an ERISA-covered plan is essentially an element of each claim. Plaintiffs allege that the IRS determination in 1989 that the Plan met the church plan exemption requirements was incorrect. Defendants argue that the IRS determination as well was one made by the Pension

---

[2] The Court recognizes that defendants argue at length in their brief the significance and difference between a statute of repose and a statute of limitations and that the former applies to this case. For purposes of this motion and without deciding this issue, the Court will use the "statute of limitations" language for convenience as that term is used in this Circuit when referring to ERISA § 413, § 1113. *See, e.g., Laskin v. Siegel*, 728 F.3d 731, 734 (7th Cir. 2013) ("The statute of limitations for a claim of breach of fiduciary duty under ERISA is controlled by 29. U.S.C. § 1113.").

Benefit Guaranty Corporation in 1990 are correct and controlling and should be followed or strongly considered by the Court. Plaintiffs disagree and ask this Court to conduct "its own independent analysis of the statute." (Pl. Br. Dkt. #138 at 8.) They argue that the Plan does not fit within ERISA's church plan definition, ERISA § 3(33), § 1002(33), because the statute requires such plans to be established by a church and defendants are not churches, despite their claimed church affiliation. In support plaintiffs cite *Stapleton v. Advocate Health Care Network*, No. 14-cv-01873, 2014 WL 7525481 (N.D. Ill. Dec. 31, 2014) (Chang, J.). There the court held, after analyzing the statutory text, statutory framework, and relevant authorities, that in order for a plan to qualify as a church plan, the plan must be established by a church. The court further determined that it is not enough for a plan to be maintained by a church-affiliated entity such as the defendant. *Id.* at *4-8. The defendant-employer sought appeal of the *Stapleton* court's order, in particular the court's interpretation of the church plan exemption. The court permitted the interlocutory appeal as its interpretation presented a "controlling question of law" and there is substantial ground for difference of opinion as to the right answer.[3] (*Stapleton*, Dkt. #76 at 2.) Accordingly, the court certified the following question for interlocutory appeal to the Seventh Circuit:

> In order for an employee benefit plan to qualify as a "church plan" under ERISA, 29 U.S.C. § 1003(b)(2) and § 1033, must the plan be established by a church (or by a convention or association of churches)?

As set forth above, the answer to this question would inform this Court's determination of the Plan's status, an issue central to defendants' motion to dismiss. Plaintiffs' as-applied constitutional claim, Count 14, also turns on this Court's decision regarding the applicability of the church plan exemption. Plaintiffs allege that if the church plan exemption were construed to

---

[3] The court's underlying order noted the differing opinions among Circuits regarding the correct interpretation.

apply to plans established by church affiliated organizations it would violate the Establishment Clause. They claim that the exemption would privilege those with religious beliefs and impose burdens on non-beneficiaries. Defendants argue in their motion that plaintiffs fail to state a claim because the issue is non-justiciable as the Plan was terminated in 2012 and thus no longer operates under the church plan exemption. Defendants also argue that the claim fails because the complaint allegations do not meet the standard enunciated by the Supreme Court in *Lemon v. Kurtzman*, 403 U.S. 602 (1971). However, for reasons stated above, the Court need not reach the constitutional issue if it determines that the Plan fits within the church plan exception.

Because a question of law essential to this case is now before the Seventh Circuit, the Court thinks it prudent to defer its decision on defendants' motion until the Seventh Circuit has issued its ruling. The Court will then allow the parties an opportunity to address that ruling. Until then, defendants' motion to dismiss is stayed.

    2. *Motion to Strike*

Despite the Court's deferred consideration of defendants' motion to dismiss, the Court will consider plaintiffs' motion to strike, as its resolution is not dependent upon the issues noted above. Plaintiffs move to strike two exhibits attached to defendants' motion to dismiss, a letter from the Pension Benefit Guaranty Corporation ("PBGC") and a third-party's amicus brief filed in the Sixth Circuit. Plaintiffs argue that this Court may not consider them because the exhibits do not fall within the limited exceptions to the general rule that the court may only consider the complaint on a motion to dismiss. The Court disagrees.

Although Federal Rule of Civil Procedure 12(f) permits a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter," it is, of course, this Circuit's "general rule that motions to strike are disfavored." *Heller Fin., Inc. v. Midwhey Powder Co.*,

7

883 F.2d 1286, 1294 (7th Cir. 1989). A district court has broad discretion to grant or deny a motion to strike. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664-65 (7th Cir. 1992).

Ordinarily, on a motion to dismiss a court must confine its inquiry to the allegations in the complaint. Fed.R.Civ.P. 12(d). The Seventh Circuit, however, observes a narrow exception that permits courts to examine documents attached to a motion to dismiss without converting it to one for summary judgment if they are "referred to in the complaint," "central to the plaintiff's claim," and "concededly authentic." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). The Seventh Circuit "has been relatively liberal in its approach to the rule articulated in *Tierney*." *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009).

The Pension Benefit Guaranty Corporation letter attached to defendants' motion meets each element of the *Tierney* test. For the reasons stated in the previous section, the Plan's status as a church plan is essential to all of plaintiffs' claims. The complaint explicitly references ERISA protections lost as a result of the church plan exemption, including "the funding requirements and the obligation to pay premiums to the PBGC to guarantee a certain level of benefits in the event the Plan was terminated." (Compl., Dkt. #73 ¶ 107; *see also*, ¶ 220(a)(ii) (same).) The PBGC letter states that defendants' refund request for insurance premiums paid is enclosed, which "represents PBGC's determination that the plan is excluded from coverage under the termination insurance provision of [ERISA] Title IV." (Dkt. #110-1.) The letter is properly considered in concert with plaintiffs' allegations throughout their complaint that defendants failed to comply with the requirements of ERISA, "based on their erroneous claim that the [Plan] qualifies as a 'Church Plan.'" (Compl., Dkt. #73 ¶ 2.) This exhibit is thus "referred to in the complaint" and "central to the plaintiff's claim." *Tierney*, 304 F.3d at 738. The third element is also satisfied as the letter's authenticity is not questioned by either party.

Regarding the brief, while the Court may take judicial notice of public court documents filed in lawsuits without converting a Rule 12(b)(6) motion to a motion for summary judgment, *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994), there is no need for the Court to consider the Sixth Circuit amicus brief. This Court is well able to discern controlling precedent from a litigant's brief in another circuit, and as noted above, the Court is indeed waiting to hear from the Seventh Circuit on the church plan exemption issue.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss [109] is deferred until further notice, to allow time for the Court and the parties to receive and consider the question certified to the Seventh Circuit in *Stapleton v. Advocate Health Care Network*, No. 14-cv-01873, Dkt. #76 (N.D. Ill. Jan. 21, 2015) (Chang, J.). Plaintiffs' motion to strike [135] is denied.

SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: June 18, 2015