UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LENORE R. OWENS, JEAN L. JEWETT, LORI L. BUKSAR, and JULIA SNYDER, on behalf of themselves, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ST. ANTHONY MEDICAL CENTER, INC., ("SAMC"), THE FRANCISCAN SISTERS OF CHICAGO SERVICE CORPORATION ("FSCSC"), FRANCISCAN COMMUNITIES, INC. f/k/a FRANCISCAN HOMES & COMMUNITY SERVICES, FRANCISCAN HOLDING CORPORATION, FRANCISCAN ALLIANCE, INC., DONNA GOSCIEJ, LINDA HORNYAK, THE SAMC RETIREMENT COMMITTEE, the members of the SAMC RETIREMENT COMMITTEE, LEONARD WYCHOCKI, WALTER GARBARCZYK, JULIE SECVIAR, CHESTER LABUS, and SISTER HELENE GALUSZKA, the members of the FSCSC BOARD OF DIRECTORS, SISTER M. FRANCIS CLARE RADKE, SISTER M. FRANCINE LABUS, ANNETTE SHOEMAKER, JILL KRUEGER, LAWRENCE LEAMAN, SANDRA SINGER, SUSAN NORDSTROM LOPEZ, and JOHN and JANE DOES, each an individual, 1-40,<br><br>Defendants. | Civil No. 1:14-CV-04068<br><br>Judge Sharon Johnson Coleman |

**ORDER PRELIMINARILY APPROVING THE SETTLEMENT, CERTIFYING THE CLASS, APPROVING NOTICE TO THE CLASS, AND <u>SCHEDULING FINAL APPROVAL HEARING</u>**

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq*. ("ERISA"), set forth in Plaintiffs' Third Amended Class Action Complaint dated December 4, 2017, with respect to the terminated defined benefit "Church Plan" of St. Anthony Medical Center, Inc.[1]

Presented to the Court for preliminary approval is a Settlement of this litigation between all parties. The terms of the Settlement are set forth in the Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement"), executed by counsel on April 9, 2019, on behalf of all the Plaintiffs and Defendants (the "Parties"). Plaintiffs have filed an Unopposed Motion for Preliminary Approval of Settlement Agreement and Certification of Settlement Class ("Preliminary Approval Motion"). The Court has considered the Settlement to determine, among other things, whether to preliminarily approve the Settlement, preliminarily certify a Settlement Class, authorize the dissemination of a Class Notice to members of the Settlement Class, and set a date and time for the Fairness Hearing. Upon reviewing the Settlement Agreement, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1.    <u>Class Findings.</u> The Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of this Court, and any other applicable law have been met as to the "Settlement Class" defined below, in that:

    A.    The Court preliminarily finds that the Settlement Class is ascertainable from the Plan's records and other objective criteria, and the members of the Settlement Class are

---

[1] This Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Judgment as if set forth fully herein.

so numerous that their joinder before the Court would be impracticable. Federal Rule of Civil Procedure 23(a)(1) is satisfied.

      B.     The Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class. Fed. R. Civ. P. 23(a)(2) is satisfied.

      C.     The Court preliminarily finds that the claims of Lenore Owens, Jean Jewett, Lori Buksar and Julia Snyder (the "Plaintiffs") are typical of the claims of the Settlement Class. Fed. R. Civ. P. 23(a)(3) is satisfied.

      D.     The Court preliminarily finds that the Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the Plaintiffs' interests and the nature of claims alleged are consistent with those of the members of the Settlement Class; (ii) there are no conflicts between or among the Plaintiffs and the Settlement Class; and (iii) the Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions and have a high level of expertise litigating "Church Plan" cases. Fed. R. Civ. P. 23(a)(4) is satisfied.

      E.     The Court preliminarily finds that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for Defendants; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests. Fed. R. Civ. P. 23(b)(1) is satisfied.

      F.      Alternatively, the Court preliminarily finds that Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, and such conduct may be subject to appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole. Fed. R. Civ. P. 23(b)(2) is satisfied.

      G.      The Court preliminarily finds that Cohen Milstein Sellers & Toll PLLC and Keller Rohrback L.L.P. ("Class Counsel") are capable of fairly and adequately representing the interests of the Settlement Class. Class Counsel has done extensive work identifying or investigating potential claims in the action, and during the mediation process, extensively reviewed the plan documents and considered the financial state of Defendants. Class Counsel is experienced in handling class actions, other complex litigation, and claims of the type asserted in this Action. Class Counsel is knowledgeable about the applicable law and has committed the necessary resources to represent the Settlement Class. Fed. R. Civ. P. 23(g) is satisfied.

2.      <u>Class Certification.</u> Based on the findings set forth above, the Court preliminarily certifies the following class under Federal Rules of Civil Procedure 23(b)(1) and/or (2) and 23(e) in this litigation (the "Settlement Class"):

> All Plan participants or Plan beneficiaries who received or were issued a reduced benefit distribution from the Plan in 2012, after the Plan's termination on March 31, 2012. Excluded from the class are the Individual Defendants named in the Complaint.

The Court preliminarily appoints Lenore Owens, Jean Jewett, Lori Buksar and Julia Snyder, the Plaintiffs, as the class representatives for the Settlement Class, and Cohen Milstein Sellers & Toll PLLC and Keller Rohrback L.L.P. as Class Counsel for the Settlement Class.

3.      <u>Preliminary Findings Regarding Proposed Settlement.</u> The Court preliminarily finds that:

      A.      The proposed Settlement resulted from informed, arm's-length negotiations facilitated by a third-party mediator, Robert A. Meyer, Esq.;

      B.      Class Counsel has concluded that the proposed Settlement is fair, reasonable, and adequate;

      C.      The proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

4.      <u>Final Fairness Hearing.</u> A hearing is scheduled for August 14, 2019, at 9:00 a.m. (the "Fairness Hearing") to determine, among other things:

      A.      Whether the Settlement should be approved as fair, reasonable, and adequate;

      B.      Whether the Third Amended Class Action Complaint should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

      C.      Whether the Class Notice provided for by the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

      D.      Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement; and

      E.      Whether the application for payment of attorneys' fees and expenses to Class Counsel, and for Incentive Awards to Plaintiffs, should be approved.

5.      <u>Class Notice.</u> A form of Class Notice is attached to Plaintiffs' Motion for Preliminary Approval. With respect to such form of Class Notice, the Court finds that such form fairly and adequately:

  A. Describes the terms and effect of the Settlement Agreement;

  B. Notifies the Settlement Class that Class Counsel's attorneys' fees and expenses, and any Incentive Awards to Named Plaintiffs, will be paid according to § 8.1.4 of the Settlement Agreement;

  C. Gives notice to the Settlement Class of the time and place of the Fairness Hearing;

  D. Advises members of the Settlement Class that they do not have the right to opt out of the Settlement Class;

  E. Advises members of the Settlement Class of the binding effect of a judgment on members of the Settlement Class; and

  F. Describes how the recipients of the Class Notice may object to any of the relief requested. The Court directs that:

    i. No later than sixty (60) days prior to the Fairness Hearing, the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, shall be sent to each Person within the Settlement Class who can be identified by the Plans' current record-keeper. Such notice shall be in a form that the Parties have deemed to be cost effective, sent to the last known address for members of the Settlement Class. Plaintiffs will pay the cost for notice to the Settlement Class as part of the settlement administration.

    ii. No later than sixty (60) days prior to the Fairness Hearing, Class Counsel shall cause the Settlement Agreement and the Class Notice to be published on the websites identified in the Class Notice.

    iii. At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing Class Notice mailing and publication requirements.

    iv. By no later than forty-five (45) days before the Fairness Hearing, Class Counsel shall file motions for final approval of the Settlement, attorneys' fees and expenses, and Incentive Awards to the Named Plaintiffs.

    v. Seven (7) days prior to the Fairness Hearing, Class Counsel shall file a reply in support of the motions for final approval of the Settlement, attorneys' fees and expenses, and Incentive Awards to the Named Plaintiffs; the Parties must also respond to any comments or objections to the Settlement.

 6. <u>Objections to Settlement</u>. Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the application for payment of attorneys' fees and expenses, or to the application for Incentive Awards for the Named Plaintiffs, may timely file an Objection in writing no later than twenty-eight (28) days prior to the Fairness Hearing. All written objections and supporting papers must: (1) clearly identify the case name and number "*Owens et al. v. St. Anthony's Med. Ctr., et al.*, Case No. 1:14-cv-04068;" (2) be filed with the Court and postmarked and mailed or faxed to Class Counsel and Defendants' Counsel at the addresses below on or before twenty-eight (28) days before the Fairness Hearing; (3) set forth the objector's full name, current address, and telephone number; (4) set forth a statement of the position the objector wishes to assert, including the factual and legal grounds for the position; (5) set forth the names and a summary of testimony of any witnesses that the objector might want to call in connection with the Objection; (6) provide copies of all documents that the objector wishes to submit in support of his/her position; (7) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the objector; (8) state the name, court, and docket number of any class action litigation in which the objector and/or his/her attorney(s) has previously appeared as an objector or provided legal assistance with respect to an objection; and (9) include the objector's signature.

 The addresses for filing objections with the Court and service on counsel are as follows:
<u>To the Court</u>:

Clerk of the Court
United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

To Class Counsel:

Karen L. Handorf
Julie Goldsmith Reiser
Julie Selesnick
Jamie Bowers
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., NW, Suite 500 West
Washington, DC 20005
Fax: (202) 408-4699

Lynn Lincoln Sarko
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Fax: (206) 623-3384

Ron Kilgard
KELLER ROHRBACK L.L.P.
3101 North Central Ave., Suite 1400
Phoenix, AZ 85012
Fax: (206) 248-2822

To Defendants' Counsel:

René Thorne
Charles F. Seemann III
Jackson Lewis P.C.
650 Poydras Street, Suite 1900
New Orleans, LA 70130
Fax: (504) 208-1759

—and—

Neil H. Dishman
Sarah J. Gasperini
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, IL 60601

Any notice(s) to FAI and/or FHC must also be delivered to:

Bradford D. Roth
Daniel Broderick, Jr.
Cassiday Schade LLP
222 W. Adams Street
Suite 2900
Chicago, IL 60606

If an objector hires an attorney to represent him or her for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than twenty-eight (28) days before the date of the Fairness Hearing. Any member of the Settlement Class or other Person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived and shall be foreclosed from raising any objection to the Settlement, and any untimely objection shall be barred.

7.  <u>Appearance at Fairness Hearing</u>. Any objector who files and serves a timely, written objection in accordance with paragraph 6 above, may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and,

9

8.  if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and on the Defendants' counsel (at the addresses set out above). The objector must also file the notice of intention to appear with the Court by no later than twenty-one (21) days before the date of the Fairness Hearing. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

9.  <u>Notice Expenses</u>. The expenses of printing and mailing all notices required hereby shall be paid by Plaintiffs as provided in § 10.15 of the Settlement Agreement.

10. <u>Service of Papers</u>. Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

11. <u>Termination of Settlement</u>. This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement. In such event, § 9 of the Settlement Agreement shall govern the rights of the parties.

12. <u>Use of Order</u>. In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against the Defendants, the Plaintiffs or the Settlement Class.

13. <u>Continuance of Hearing</u>. The Court may continue the Fairness Hearing without further written notice.

14. The Court sets the following schedule for the Fairness Hearing:

| Event | Time for Compliance |
|---|---|
| Deadline for CAFA Notice | April 22, 2019 |
| Deadline for Mailing of Class Notice and Posting Class Notice to Website | June 14, 2019 |
| Deadline for Filing Plaintiffs' Motion for Final Approval, Attorneys' Fees and Expenses, and Incentive Fees for Plaintiffs | June 28, 2019 |
| Deadline for the Settlement Class to Comment upon or Object to the Proposed Settlement | July 17, 2019 |
| Deadline for Filing Plaintiffs' Reply in Support of Motion for Final Approval, Attorneys' Fees and Expenses, and Incentive Fees for Named Plaintiffs, and for the Parties to Respond to Any Comments or Objections | August 7, 2019 |
| Proposed Fairness Hearing | August 14, 2019[2] |

DATED this 16th day of April 2019.

_____
Sharon Johnson Coleman
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to the U.S. Class Action Fairness Act of 2005, 28 U.S.C. § 1715(d), the date of the Fairness Hearing must be at least 90 days after notices are served on the appropriate state and federal officials.