UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LENORE R. OWENS, JEAN L. JEWETT, LORI L. BUKSAR, and JULIA SNYDER, on behalf of themselves, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ST. ANTHONY MEDICAL CENTER, INC. ("SAMC"), THE FRANCISCAN SISTERS OF CHICAGO SERVICE CORPORATION ("FSCSC"), FRANCISCAN COMMUNITIES, INC. f/k/a FRANCISCAN HOMES & COMMUNITY SERVICES, FRANCISCAN HOLDING CORPORATION, DONNA GOSCIEJ, LINDA HORNYAK, the SAMC RETIREMENT COMMITTEE, the members of the SAMC RETIREMENT COMMITTEE, LEONARD WYCHOCKI, WALTER GARBARCZYK, JULIE SECVIAR, CHESTER LABUS, and SISTER HELENE GALUSZKA, the members of the FSCSC BOARD OF DIRECTORS, SISTER M. FRANCIS CLARE RADKE, SISTER M. FRANCINE LABUS, ANNETTE SHOEMAKER, JILL KRUEGER, LAWRENCE LEAMAN, SANDRA SINGER, SUSAN NORDSTROM LOPEZ, and JOHN and JANE DOES, each an individual, 1-40, <br><br> Defendants. | Case No: 1:14-cv-04068 <br><br> Hon. Judge Sharon Johnson Coleman <br><br> Hon. Magistrate Judge Jeffrey Cole |

**AMENDED ORDER AND FINAL JUDGMENT**

1

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"), with respect to the St. Anthony Medical Center Retirement Plan.[1]

The Court previously entered an Order Preliminarily Approving the Class Action Settlement Agreement ("Preliminary Approval Order") dated April 16, 2019, preliminarily approving the Settlement, certifying the putative class in this action for settlement purposes, ordering a Class Notice to be mailed and published on the internet, scheduling a Fairness Hearing for August 14, 2019, at 9:00 a.m., and providing those persons with an opportunity to object to the proposed settlement. This Court held a Fairness Hearing on August 14, 2019, at 9:00 a.m., to determine whether to give final approval to the proposed settlement. Due and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered the Settlement Agreement, all papers filed and proceedings held herein, and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all members of the Settlement Class.

2. On April 16, 2019, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1) and/or (2), and 23(e), the Court preliminarily certified the following Settlement Class:

> "All Plan participants or Plan beneficiaries who received or were issued a reduced benefit distribution from the Plan in 2012, after the Plan's termination on March 31, 2012. Excluded from the class are the Individual Defendants named in the Complaint."

---

[1] This Judgment incorporates by reference the definitions in the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement"), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Judgment as if set forth fully here.

2497334 V1

The Court finds that the Settlement Class meets all requirements of Federal Rule of Civil Procedure 23(a) for certification of the class claims alleged in the Complaint, including (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of the Class Representatives and Class Counsel.

3. Additionally, the prerequisites of Rule 23(b)(1) have been satisfied, since the prosecution of separate actions by individual members of the Settlement Class would create a risk of (a) inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants; and (b) adjudications with respect to individual Settlement Class members, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

4. Alternatively, the prerequisites of Rule 23(b)(2) have been satisfied, since Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole.

5. Pursuant to Federal Rule of Civil Procedure 23(a) the Court finds that Named Plaintiffs Lenore Owens, Jean Jewett, Lori Buksar, and Julia Snyder are members of the Settlement Class, their claims are typical of those of the Settlement Class, and they fairly and adequately protected the interests of the Settlement Class throughout the proceedings in this Action. Accordingly, the Court hereby appoints Lenore Owens, Jean Jewett, Lori Buksar and Julia Snyder as Class Representatives.

6. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel has fairly and adequately represented the Settlement Class for

the purposes of entering into and implementing the Settlement, and thus, hereby appoints Cohen Milstein Sellers & Toll, PLLC and Keller Rohrback, L.L.P. as Class Counsel to represent the members of the Settlement Class.

7. The appointment of Class Counsel and the appointment of Named Plaintiffs as Class Representatives are fully and finally confirmed.

8. Class Counsel is hereby awarded attorneys' fees and reasonable expenses pursuant to Federal Rule of Civil Procedure 23(h), in the amount of $1,000,000, which the Court finds to be fair and reasonable. Defendants shall pay such amount to Class Counsel pursuant to the timing requirements in accordance with the terms of the Settlement Agreement.

9. Class Counsel has moved for $15,000 incentive awards for Named Plaintiffs Lenore Owens, Jean Jewett, Lori Buksar, and Julia Snyder (collectively "Named Plaintiffs"). The Court hereby grants Class Counsel's motion for incentive awards in the amount of $ 15,000 for each Named Plaintiff (for a total of $60,000). Class Counsel shall pay such amount to Named Plaintiffs in accordance with the terms of the Settlement Agreement.

10. The Court directed that Class Notice be given pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-appointed notice program: (a) On or about May 31, 2019, Class Counsel posted the Settlement Agreement and Class Notice on the firms' websites; and (b) On or about May 31, 2019, Class Counsel caused to be mailed approximately 1,736 copies of the Notice of Class Action Settlement to members of the Settlement Class.

11. The Class Notice and Internet/Publication of Class Notice (collectively, the "Class Notice") advised members of the Settlement Class of the: (a) terms of the Settlement; (b) Final Fairness Hearing and the right to appear at such Final Fairness Hearing; (c) inability to opt out of

2497334 V1

the Settlement Class; (d) right to object to the Settlement, including the right to object to the Settlement or the application for an award of attorneys' fees and reimbursement of expenses, or the incentive awards to Lenore Owens, Jean Jewett, Lori Buksar, and Julia Snyder as Class Representatives; (e) the procedures for exercising the foregoing rights; and (f) the binding effect of this Judgment, whether favorable or unfavorable, to the Settlement Class, including the scope of the Released Claims described in the Settlement Agreement.

12. The Class Notice met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, 28 U.S.C. § 1715, and any other applicable law. The Court further finds that Notice in the form approved by the Court complied fully with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and that it constituted the best practicable notice under the circumstances. The Court further finds that Defendants complied fully with the provisions of CAFA. The Court further finds that the form of Class Notice was concise, clear, and in plain, easily understood language, and was reasonably calculated under the circumstances to apprise of: (a) the pendency of the Consolidated Action; (b) the claims, issues and defenses of the Settlement Class; (c) the definition of the certified Settlement Class; (d) the right to object to the proposed Settlement, including the right to object to the Settlement or the application for an award of attorneys' fees and reimbursement of expenses, or the incentive awards to Lenore Owens, Jean Jewett, Lori Buksar and Julia Snyder as Class Representatives; (e) the right to appear at the Final Fairness Hearing, through counsel if desired; and (f) the binding effect of a judgment on members of the Settlement Class, including the scope of the Released Claims described in the Settlement Agreement.

13. The Court finds after a hearing and based upon all submissions of the Parties and interested persons that the Parties' proposed Settlement is fair, reasonable, and adequate. The

Court also finds that the proposed Settlement is consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, and other applicable law. In so finding, the Court has considered and found that:

      A.    The Settlement provides for significant monetary contributions to the Settlement Class.

      B.    The terms and provisions of the Settlement were entered into by experienced counsel and only after extensive, arm's-length negotiations conducted in good faith and with the assistance of an experienced third-party mediator, Mr. Robert Meyer, Esq. The Settlement is not the result of collusion.

      C.    Those negotiations were preceded by an extensive investigation into the factual and legal issues surrounding Plaintiffs' claims, as well as discovery.

      D.    Those proceedings gave Class Counsel the opportunity to adequately assess this case's strengths and weaknesses and thus to determine whether the Settlement was in the best interests of the Class. Class Counsel was cognizant that there was no guarantee of success in this case.

      E.    Approval of the Settlement will result in substantial savings of time, money and effort for the Court and the Parties, and will further the interests of justice. Defendants denied and continue to deny Plaintiffs' claims and allegations against them and raised various factual and legal arguments in support of their vigorous defenses in this Action.

    14.    All members of the Settlement Class are bound by this Judgment and by the terms of the Settlement, including the scope of the Released Claims described in the Settlement Agreement.

2497334 V1

15. The Settlement, this Judgment, and/or the fact of the Settlement do not constitute any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Action. If the Settlement Agreement is not upheld on appeal, or is otherwise terminated for any reason, the Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by a Party of any fact, matter, or position of law; all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

16. The Court hereby dismisses with prejudice the Action, Complaint and all Released Claims identified in the Settlement Agreement against each and all Releasees and without costs to any of the Parties as against the others.

17. "Releasees" shall mean all Individual Defendants, St. Anthony Medical Center ("SAMC"), Franciscan Sisters of Chicago Service Corporation ("FSCSC"), the Committee, the Board, Franciscan Communities Inc. ("FCI"), Franciscan Holding Corporation ("FHC"), Franciscan Alliance Inc. ("FAI"), all Affiliates of SAMC (defined as any entity controlling, controlled by, or under common control of or with SAMC), all Affiliates of FAI (defined as any entity controlling, controlled by, or under common control of or with FAI), all entities that are considered to be a single employer for purposes of the Plan under IRC § 414, and all former and current directors, officers, Plan Committee members (including members of any similar committee with a different name but with fiduciary and/or administrative responsibility for the Plan), employees, representatives, agents, counsel, other Plan fiduciaries, and insurers of any of the previous entities (for clarity, SAMC, FSCSC, FCI, FHC, FAI, all Affiliates of SAMC, all Affiliates

of FAI, and all entities that are considered to be a single employer for purposes of the Plan under IRC § 414).

18. "Released Claims" shall mean any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs arising out of the allegations of the Complaint in connection with the sponsorship, administration, funding (or alleged lack thereof), reporting, disclosure, participant notification, maintenance, operation or termination of, or distributions from, the Plan, that were brought or could have been brought under federal law or state law as of the date of this Settlement Agreement by any member of the Settlement Class, including any current or prospective challenge to the "church plan" status of the Plan. Released Claims do not include: release of the claims described in paragraph 4.1.2 of the Settlement Agreement; the release of any obligation under this Settlement Agreement; and the release of any claim that a class member's final distribution benefit described in this Settlement Agreement is inconsistent with the same actuarial assumptions and methodologies used for the Plan distributions that occurred in May 2012.

19. In connection with the Released Claims, as of the Effective Date of the Settlement Agreement, Named Plaintiffs, on behalf of themselves and on behalf of the Settlement Class, are deemed to have expressly waived and relinquished, to the fullest extent permitted by law and equity, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

20. It is further ordered that, as of the Effective Date of the Settlement Agreement, Named Plaintiffs, on behalf of themselves and on behalf of the Settlement Class, absolutely and

unconditionally release and forever discharge the Releasees from any and all Released Claims that Named Plaintiffs or the Settlement Class have. The Settlement Class covenants and agrees: (a) not to file against any of the Releasees any claim based on, related to, or arising from any Released Claim; and (b) that the forgoing covenants and agreements shall be a complete defense to any such claim against any Releasee.

21. It is further ordered that as of the Effective Date of the Settlement Agreement, Defendants absolutely and unconditionally release and forever discharge the Named Plaintiffs, the Settlement Class, and Class Counsel from any and all claims relating to the institution or prosecution of the Action.

22. The Court retains jurisdiction over the implementation, administration, and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

23. The Court finds that no reason exists for delay in ordering final judgment, and the Clerk is hereby directed to enter this Judgment forthwith.

SO ORDERED this 23rd day of August 2019.

_____
Sharon Johnson Coleman
U.S. District Court Judge

2497334 V1